IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIPPE MARC AMOS EDOUARD,

     Petitioner,

v.                                                                             No. 2:26-cv-00513-MLG-GBW

DORA CASTRO, et al. or WARDEN,
of Otero County Processing Center,
Chaparral, New Mexico; MARY DE
ANDA-YBARRA, Field Office Director
of U.S. Immigration and Customs
Enforcement, El Paso, Texas; KRISTI
NOEM, Secretary of the U.S. Department
of Homeland Security; PAMELA BONDI,
Attorney General of the United States, et al.,

     Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Philippe Marc Amos Edouard, a Haitian citizen, is detained at the Otero County

Processing Center in Chaparral, New Mexico. Doc. 2 ¶ 7; *see also* Doc. 13 at 1. He challenges his

continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal

immigration authorities to immediately release him from custody. Doc. 2 at 9. Amos Edouard also

requests that the Court declare that his detention violates the Due Process Clause of the Fifth

Amendment to the United States Constitution and 8 U.S.C. § 1231(a). Doc. 2 at 9; *see also* Doc.

13 at 2-3. The Court ordered the United States Attorney's Office for the District of New Mexico

("USAO") to respond to Amos Edouard's Petition for Writ of Habeas Corpus ("Petition"),[1] Doc.

---

[1] Amos Edouard filed a pro se Amended Petition for Writ of Habeas Corpus ("Amended Petition"),
Doc. 13, on June 17, 2026. The Amended Petition largely seeks the same relief as the Petition, so
the Court separately addresses only the former's request that the Court "[i]ssue an immediate
Emergency Temporary Restraining Order . . . to prevent imminent deportation, prohibiting
Respondents, their officers, agents, employees, and all persons acting in concert with them from

2, on behalf of Federal Respondents[2] within ten business days. *See* Doc. 7. The USAO timely responded, arguing, inter alia, that Amos Edouard is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he was arrested for burglary. Doc. 7 at 3.

In his reply, Amos Edouard states that he "was never formally charged with burglary" and asserts—without any citation to legal authority—that "[a] mere arrest, without a qualifying conviction or formal charge, does not trigger mandatory detention under § 1226(c)." Doc. 8 at 4. He admits, however, that he was arrested for burglary. *Id.* The plain language of § 1226(c) mandates detention under such circumstances. *See* § 1226(c)(1) (providing that the Attorney General "shall take into custody" any inadmissible or deportable noncitizen who "*is arrested for* . . . burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person" (emphasis added)). Because Amos Edouard does not contest that he is inadmissible or deportable as contemplated by § 1226(c), nor does he challenge that he was arrested for burglary, his detention is mandatory. Accordingly, the Court rejects Amos Edouard's arguments that he is eligible for release under § 1226(a). Doc. 8 at 2-4; *see* § 1226(a) (precluding noncitizens subject to § 1226(c) from being released on bond or

---

removing, deporting, transferring, or otherwise displacing [Amos Edouard] from the United States." Doc. 13 at 3. The Court lacks jurisdiction to grant this relief, and it is therefore denied. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (explaining that "the Real ID Act eliminate[d] a district court's jurisdiction over habeas petitions challenging final orders of removal"); *see also* § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal").

[2] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than Dora Castro, Warden of the Otero County Processing Center.

receiving conditional parole); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("Section 1226(c), however, carves out a statutory category of aliens who may not be released under § 1226(a).").

Amos Edouard also argues that he has not received a bond hearing and that his detention violates 8 U.S.C. § 1231(a) because it has become unconstitutionally prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Doc. 2 at 5-9; Doc. 8 at 4-6; Doc. 13 at 2-3. But Amos Edouard received a bond hearing on July 1, 2025. *See* Doc. 7-1. The immigration judge ("IJ") denied bond after finding that Amos Edouard was subject to mandatory detention because he was "[a]rrested/charged with [a] burglary offense." Doc. 7-1 at 1. Although Amos Edouard asserts in his reply that this bond hearing was not "adequate," his argument is entirely premised on his detention being governed by § 1226(a), and it therefore fails. *See* Doc. 8 at 4-6.

Amos Edouard's *Zadvydas* contention likewise lacks merit. Section 1231(a) does not apply here because his removal order is not administratively final. *See* Doc. 2 at 4 (indicating that his timely appeal to the Board of Immigration Appeals is pending); 8 C.F.R. § 1241.1 (listing several circumstances that trigger a removal order's administrative finality, including "dismissal of an appeal by the Board of Immigration Appeals"); § 1231(a)(1)-(2) (providing that a noncitizen "shall" be detained during "the removal period," a ninety-day period that often begins when "the order of removal becomes administratively final"). Since the removal period has not yet begun in this case, Amos Edouard is unable to demonstrate that his detention violates § 1231(a)(6), which allows for continued detention of certain noncitizens after the removal period ends. *Cf. Demore v. Kim*, 538 U.S. 510, 527-531 (2003) (distinguishing the possibility of indefinite detention under § 1231(a)(6), as addressed by *Zadvydas*, from the "definite termination point" of detention authorized by § 1226(c)).

For these reasons, the Petition, Doc. 2, and the Amended Petition, Doc. 13, are denied.

3

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA